UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| LIDESTRI FOODS, INC.,<br><br>Plaintiff,<br><br>-vs.-<br><br>7-ELEVEN, INC.,<br><br>Defendant. | Civil Action No. 6:17-cv-06146-FPG-JWF |

**DEFENDANT 7-ELEVEN, INC.'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**

Dated: September 18, 2019

ARNOLD & PORTER KAYE SCHOLER LLP

James F. Speyer
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Phone (213) 243-4000
james.speyer@arnoldporter.com

Matthew D. Grant
250 West 55th Street
New York, New York 10019-9710
Phone (212) 836-8000
matthew.grant@arnoldporter.com

*Attorneys for Defendant 7-Eleven, Inc.*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ........ iii

INTRODUCTION ........ 1

ARGUMENT........ 3

I. LIDESTRI'S ORAL AGREEMENT CLAIMS FAIL WHETHER THE PPP IS BINDING OR NOT ........ 3

II. LIDESTRI IS BOUND BY THE PPP THAT IT SIGNED ........ 5

III. THE SAC FAILS TO STATE A PROMISSORY ESTOPPEL CLAIM......10

CONCLUSION ........11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Arcadian Phosphates, Inc. v. Arcadian Corp.*,
884 F.2d 69 (2d Cir. 1989)....................5

*Bild v. Konig*,
Case No. 09-CV-5576 (ARR) (VVP),
2012 WL 13109964 (E.D.N.Y. Dec. 20, 2012)....................6, 7

*CAC Group Inc. v. Maxim Group LLC*,
523 Fed. Appx. 802 (2d Cir. 2013) ....................3, 4

*Ciaramella v. Reader's Digest Ass'n, Inc.*,
131 F.3d 320, 324 (2d Cir. 1997)....................3

*Consarc Corp. v. Marine Midland Bank, N.A.*,
996 F.2d 568 (2d Cir. 1993)....................9

*Kaczmarcysk v. Dutton*,
414 Fed. Appx. 354 (2d Cir. 2011) .................... 3

*Kaplan v. Lippman*,
75 N.Y.2d 320 (N.Y. Ct. App. 1990) ....................8

*Kowalchuk v. Stroup*,
873 N.Y.S.3d 43 (N.Y. App. Div. 1st Dept. 2009)....................7

*Longo v. Shore & Reich, Ltd.*,
25 F.3d 94 (2d Cir. 1994)....................9, 10

*RKG Holdings, Inc. v. Simon*,
Case No. 98-9433, 1999 WL 464979 (2d Cir. June 23, 1999).................... 4,5

*Scheck v. Francis*,
26 N.Y.2d 466 (1970) ....................4, 9

Defendant 7-Eleven, Inc., by and through its undersigned counsel, hereby submits this reply memorandum in further support of its motion to dismiss the Second Amended Complaint ("SAC") of Plaintiff LiDestri Foods, Inc. pursuant to Fed. R. Civ. P. 12(b)(6).

**INTRODUCTION**

LiDestri's oral contract claims are barred as a matter of law by the written contract that LiDestri signed and attached to its complaint (the PPP), because the PPP both expressly disclaims the obligations of that alleged oral contract, and has a merger clause that forecloses any reliance on any prior oral contract. 7-Eleven's motion first explained that the PPP is enforceable against LiDestri because LiDestri signed it, and does not claim coercion, duress, or fraudulent inducement. The motion next explained that, even if the PPP is not enforceable against LiDestri, controlling Second Circuit law holds that purported oral agreements have no force or effect where the parties have manifested their intent to be bound only by a written agreement -- and a merger clause announcing that the written agreement "*supersedes all prior and contemporaneous, written or oral, agreements, representations and understandings of the parties*" is a dispositive indicator of such intent. The Second Circuit regularly applies this principle to bar claims of oral agreements even when the subsequent written agreement is simply a draft unsigned by either party. The principle necessarily applies with even more force

where, as here, the party claiming the oral contract admits that it willingly executed the written agreement that by its terms bars the oral contract.

LiDestri's opposition to 7-Eleven's motion has a gaping hole in it: it offers no meaningful response to 7-Eleven's showing that the alleged oral contract is unenforceable regardless of whether the PPP is binding on LiDestri, because the PPP manifests an unmistakable intent that the alleged oral agreement have no force or effect. Out of a 17-page brief, LiDestri spends but two short paragraphs (at 14-15) addressing this argument. These two paragraphs do not mention, much less rebut, any of the controlling Second Circuit caselaw 7-Eleven cited, and do not cite a single case that supports LiDestri's contention that the Court should simply ignore the PPP. The Court should grant this motion on the basis of 7-Eleven's uncontested showing.

Although LiDestri devotes far more ink to attempting to rebut 7-Eleven's other argument (that LiDestri is bound by the PPP), its effort on this front fails as well. LiDestri manifested its intent to be bound by the PPP in the most conclusive way possible -- with its authorized signature. Its arguments that it never intended the PPP to be enforceable against it unless both parties signed are based on self-serving and irrelevant statements of undisclosed subjective intent. *See* Opp. at 10 (highlighting the allegation in the SAC that "LiDestri's Tony Bash signed the PPP and sent it to 7-Eleven for countersignature and to be returned to make it

effective."). Therefore, although the Court need not reach the question of whether the PPP is enforceable to grant this motion, it certainly may do so as an alternative basis for dismissing the SAC.

For over two years, LiDestri has forced 7-Eleven to defend claims that it breached a purported oral agreement or promise, despite signing a written contract that expressly barred those claims. That charade should end now.

## ARGUMENT

### I. LIDESTRI'S ORAL AGREEMENT CLAIMS FAIL WHETHER THE PPP IS BINDING OR NOT

The PPP's merger clause is an unequivocal statement of intent not to be bound by any oral agreement, and controlling Second Circuit precedent requires the Court to honor that statement of intent, whether the PPP is signed or not. 7-Eleven Mem. at 11, citing *CAC Group Inc. v. Maxim Group LLC*, 523 Fed. Appx. 802, 804-05 (2d Cir. 2013) (dismissing claim alleging breach of purported oral agreement due when parties' unexecuted draft written contract included merger clause); *Kaczmarcysk v. Dutton*, 414 Fed. Appx. 354, 355 (2d Cir. 2011) (holding oral settlement agreement was unenforceable in light of merger clause in parties' unexecuted written agreement); *Ciaramella v. Reader's Digest Ass'n, Inc.*, 131 F.3d 320, 324 (2d Cir. 1997) (same). LiDestri makes no attempt to distinguish or otherwise address these cases, and cites no contrary authority.

LiDestri's *only* response to this point is to claim, with no supporting authority, that the viability of the purported oral agreement cannot be decided on a motion to dismiss because it is "an issue of fact." Opp. at 15. That claim is wrong.

*First*, courts dismiss oral agreement claims at the pleading stage when "the facts alleged in the amended complaint, and the documents incorporated therein, establish that [the parties] did not intend to be bound prior to the execution of the [written] agreement." *CAC Group*, 523 Fed. Appx. at 804; *see also Scheck v. Francis*, 26 N.Y.2d 466, 469-73 (1970) (affirming dismissal of oral agreement claim because "[t]he writings before us likewise evidence the intention of the parties not to be bound until the agreements were signed."). Where, as here, the complaint attaches a written contract -- signed by the plaintiff -- that unmistakably shows the parties' intent not to be bound by any prior oral agreement, there is no rule of law requiring the Court to throw up its hands and kick the can down the road. Indeed, LiDestri *does not dispute* that the PPP's merger clause clearly shows such an intent. There is accordingly no "issue of fact" that would preclude granting this motion.

Moreover, while the Second Circuit has outlined four factors that courts may look at in determining whether parties intended to be bound by an oral agreement, the first factor -- whether "there is a writing between the parties 'show[ing] that [the defendant] did not intend to be bound'" by an oral agreement -- is the

dispositive factor. *RKG Holdings, Inc. v. Simon*, Case No. 98-9433, 1999 WL 464979, *1 (2d Cir. June 23, 1999) (quoting *Arcadian Phosphates, Inc. v. Arcadian Corp.*, 884 F.2d 69, 72 (2d Cir. 1989)). The Second Circuit has held that "a court '*need look no further than the first factor*'" to rule that an oral agreement claim may not proceed. *Id.* And because there is such a writing in this case, the Court's inquiry can and should end here. LiDestri offers no response to this conclusive point.

Although the Court "need look no further than the first factor," *id.*, 7-Eleven showed that each of the other factors courts may consider when deciding whether parties intended to be bound absent a writing also require dismissal of LiDestri's oral agreement claims. *See* 7-Eleven Mem. at 11-13. LiDestri did not respond to those points either and has therefore conceded that all four factors demonstrate that the parties did not intend to be bound by the purported oral agreement.[1]

## II. LIDESTRI IS BOUND BY THE PPP THAT IT SIGNED

LiDestri does not dispute that its oral contract and promissory estoppel claims are subject to dismissal if the PPP is enforceable against it. It argues only that the PPP is not enforceable against it because 7-Eleven did not sign the PPP.

---

[1] LiDestri's refrain that it started performing the oral agreement several months before it signed the PPP ignores that, by its own admission, it was negotiating the PPP even before it reached the alleged oral agreement. SAC ¶¶ 24, 70.

Although the Court can dismiss LiDestri's oral agreement claims without reaching the issue of whether LiDestri is bound by the PPP, LiDestri's arguments that it is not bound are wrong.

*First*, LiDestri claims that it did not intend its execution of the PPP to be effective unless and until 7-Eleven counter-signed it, *see* Opp. at 10, but the SAC does not allege that LiDestri ever *expressed* that purported intent through any *words or deeds*. LiDestri accuses 7-Eleven of ignoring the "critical allegation" that LiDestri's representative sent the signed PPP to 7-Eleven "for countersignature and to be returned to make it effective." SAC ¶ 78. But that allegation solely concerns LiDestri's *subjective* intent and, therefore, has no bearing on the enforceability of the PPP. *See Bild v. Konig*, Case No. 09-CV-5576 (ARR) (VVP), 2012 WL 13109964, *14 (E.D.N.Y. Dec. 20, 2012) ("'Under New York law, however, 'the question of whether or not a binding contract exists "*is not dependent on the subjective intent" of either party*.' . . . 'Instead, "*[w]hat matters are the parties' expressed intentions*, the words and deeds which constitute objective signs in a given set of circumstances."'") (citations omitted) (italics added). As 7-Eleven explained in its moving brief, LiDestri's execution and delivery of the signed PPP to 7-Eleven "constitute objective signs of [LiDestri's] intent to be bound by the

document" and "bely [LiDestri's] self-serving statements that [it] never consented to be bound by the terms of the agreement." *Id*.[2]

*Second*, LiDestri claims that certain allegations in the SAC "support the inference that *7-Eleven* never intended the Bash PPP to be an enforceable contract," Opp. at 10-11, but such allegations are irrelevant to the question whether *LiDestri* intended to be bound by a contract that it willingly signed.

*Third*, LiDestri claims that the SAC alleges the parties "ignored" the PPP's amendment requirements when adding products to their arrangement, Opp. at 11, but that is false. The SAC actually alleges that "the parties[] entered [into] a letter agreement intended to amend the existing agreement among them," SAC ¶ 86, which is consistent with the SAC's requirement that amendments be "by the mutual written agreement of the parties." *Id*., Ex. D ¶ 2.01. The allegation that the

---

[2] 7-Eleven cited *Bild* and *Kowalchuk v. Stroup*, 873 N.Y.S.3d 43 (N.Y. App. Div. 1st Dept. 2009), cases where parties who signed agreements were bound even though the counterparties did not sign. *See* 7-Eleven Mem. at 7-8. LiDestri's claim that 7-Eleven "mischaracterized" those decisions, Opp. at 7-8, is wrong. As 7-Eleven stated, the *Bild* court held that a party's signature on an agreement conclusively demonstrates its intent to be bound by it. *See Bild*, 2012 WL 13109964 at *14 (holding defendant's signature on agreement "expressly committed" defendant to its terms). And, as 7-Eleven stated, the *Kowalchuk* court held that a contract is enforceable against a sole signatory unless the parties agreed that it will not be binding until both have signed. *See Kowalchuk*, 873 N.Y.S.3d at 49 ("[T]he formal written document signed just by defendant would have sufficed to establish the existence of the parties' agreement . . . unless, of course, the parties have agreed that their contract will not be binding until executed by both sides.").

amendment refers generally to a "Product Supply Agreement" instead of the PPP's formal title says nothing about whether the parties were bound by the PPP.

*Fourth*, the allegation that LiDestri increased the price of its tea products without following the PPP's requirements for doing so, SAC ¶ 88, does not support its argument. It merely shows that LiDestri was in breach.

*Fifth*, LiDestri's claim that the PPP was not binding because 7-Eleven did not seek to enforce its choice of law or venue provisions, Opp. at 11-12, is meritless. For one thing, there was no basis for 7-Eleven to assert those provisions in response to LiDestri's prior complaints because they only asserted claims under New York's common law and did not even mention the PPP. Moreover, the SAC's allegation that Texas courts are the "mandatory venue" under the PPP, SAC ¶ 92, is false. The parties merely agreed to subject themselves to the jurisdiction of those courts. *Id.*, Ex. D at ¶ 25.01.

*Lastly*, while certain provisions of the PPP indicate that the parties intended to be bound by their signatures, *LiDestri did sign it*, and cites no provision or case that would excuse it from being bound by the agreement it signed. Indeed, under the statute of frauds, LiDestri's signature on the PPP rendered it enforceable *against LiDestri*, whether 7-Eleven signed it or not. *See Kaplan v. Lippman*, 75 N.Y.2d 320, 325 n.1 (N.Y. Ct. App. 1990) ("The absence of a signature by the party seeking to enforce the agreement is without legal significance.").

Rather than save the oral contract claims from dismissal, LiDestri's insistence that the PPP is not binding because 7-Eleven did not sign it dooms those claims. If the parties did not intend to be bound by a *written* agreement unless both parties executed it, there is no basis for assuming that a purported oral agreement should be binding. Indeed, LiDestri's own brief, and the decisions that it cites with approval, demonstrate the fallacy of its assumption. *See* Opp. at 8 ("If parties do not intend to be bound by an agreement until it is in writing and signed, *then there is no contract* until that event occurs") (italics added); *Longo v. Shore & Reich, Ltd.*, 25 F.3d 94, 97 (2d Cir. 1994) ("[U]nder New York law, if the parties did not intend to become bound by the agreement until it was in writing and signed, then there was no contract until and unless that event occurred."); *Consarc Corp. v. Marine Midland Bank, N.A.*, 996 F.2d 568, 574 (2d Cir. 1993) ("Yet, if the parties do not intend to enter a binding agreement without a writing, they will not be legally bound until that condition is met."); *Scheck*, 26 N.Y.2d at 469-70 ("It is well settled that, if the parties to an agreement do not intend it to be binding upon them until it is reduced to writing and signed by both of them, they are not bound and may not be held liable until it has been written out and signed.").

The Second Circuit's decision in *Longo* (cited with approval on page 14 of LiDestri's opposition) is on point. There, the plaintiff claimed, as LiDestri does here, that "the extensive negotiations engaged in by the parties produced a binding

oral agreement, even though the [defendant] did not sign the written agreement that resulted from those negotiations." *Longo*, 25 F.3d at 96. But the court rejected that claim, holding that the parties' writings "evidenced an intent that the parties would not be bound to the terms of their negotiations until the agreement was signed" and, therefore, "without the signatures of both parties, there was *neither a binding oral nor written contract in this case*." *Id.* (italics added). Thus, if LiDestri is right and the parties did not intend to be bound until both had signed the PPP, then the failure to meet that condition means that *there is no agreement, written or oral*, and no basis to hold 7-Eleven liable for any purported breach.

## III. THE SAC FAILS TO STATE A PROMISSORY ESTOPPEL CLAIM

7-Eleven explained that LiDestri's negotiation and execution of the written PPP, which contains a merger clause and terms expressly contradicting 7-Eleven's purported oral promise, mandate the dismissal of LiDestri's promissory estoppel claim under controlling New York and Second Circuit law. *See* 7-Eleven Mem. at 15-16. LiDestri concedes that its promissory estoppel claim stands or falls on the strength of its unsupported argument that whether the parties expressed their intent to be bound only by a written agreement is an "issue of fact" that may not be decided on a motion to dismiss. Opp. at 15-16. Where, as here, there is no dispute that the parties clearly expressed such an intent (in a writing signed by LiDestri), no "issue of fact" exists that would prevent the Court from granting this motion.

## **CONCLUSION**

For the foregoing reasons, and those set forth in its moving brief, 7-Eleven respectfully requests that the Court grant its motion to dismiss the first and third causes of action of the Second Amended Complaint.[3]

Dated: September 18, 2019

Respectfully submitted,

By: */s/ James F. Speyer*

James F. Speyer
ARNOLD & PORTER KAYE SCHOLER LLP
777 South Figueroa Street, 44th Floor
Los Angeles, California 90017-5844
Phone (213) 243-4000
james.speyer@arnoldporter.com

Matthew D. Grant
250 West 55th Street
New York, New York 10019-9710
Phone (212) 836-8000
matthew.grant@arnoldporter.com

*Attorneys for Defendant 7-Eleven, Inc.*

[3] LiDestri has withdrawn its second cause of action for breach of the implied covenant of good faith and fair dealing. *See* Opp. at 15.